UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KRISTIE FANZ,

        **Plaintiff,**

    v.

FRANK BISIGNANO,
**Commissioner of Social Security,**

        **Defendant.**

Case No. 1:20-cv-13815
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court on the motion for an attorney fee pursuant to 42 U.S.C. § 406(b) in the amount of $ 28,450.25. (ECF No. 23) The Commissioner neither supports nor opposes the motion but asks that the Court direct Plaintiff's counsel to remit to Plaintiff the $ 6,700.00 fee previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (ECF No. 25) For the reasons that follow, the motion is granted.

**I.  STANDARD**

Under the Social Security Act, when a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may award that prevailing claimant's attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). Contingency fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining an appropriate fee under the statute, a court must also consider such factors as the character of the representation and results achieved, whether counsel

1

was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel. *Id*. at 807-08. In making this determination, a court may also consider the inherent risk of loss associated with representation on a contingency basis. *Tschudy v. Comm'r of Soc. Sec.*, No. 18-3424, 2020 WL 3316403, at *1 (D.N.J. June 18, 2020).

## II.     PROCEDURAL HISTORY

Plaintiff's applications for Disability Insurance Benefits (SSDI) and Supplemental Security Income (SSI), alleging disability since April 2015, were originally filed in January 2017. (R. 229-37) Current counsel entered an appearance on Plaintiff's behalf in September 2017. (R. 157-58) In August 2019, an Administrative Law Judge issued a decision finding that Plaintiff was not disabled. (R.15-29) An appeal from that decision was filed in this Court, and counsel filed a statement of contentions (ECF No. 9), a lengthy Plaintiff's brief (ECF No. 15), and a reply. (ECF No. 17) On March 16, 2022, this Court reversed the Commissioner's decision and remanded the matter to the Commissioner for further proceedings. (Opinion and Order, ECF No. 18) Final Judgment was entered that same day. (Final Judgment, ECF No. 19) This Court thereafter accepted the parties' stipulation and awarded Plaintiff an attorney's fee under the EAJA in the amount of $ 6,700.00. (ECF No. 22)

On remand from this Court, Plaintiff was found to have become disabled on April 26, 2015. (ECF No. 23-5, PageID# 983) Twenty-five percent of Plaintiff's SSDI past-due benefits, $ 28,450.25, has been withheld for payment to her representative. (*Id*. at PageID# 985)

## III.     DISCUSSION

The fee agreement executed by Plaintiff and her counsel authorizes a fee of 25% of all past-due benefits for work performed before this Court. (ECF No. 23-7) Plaintiff's counsel itemizes a

total of 31.7 hours of attorney time expended on Plaintiff's behalf before this Court. (ECF No. 23-4)

Taking into account the relevant factors, *see Grisbecht*, 515 U.S. at 807-08, the Court observes that Plaintiff's counsel is highly skilled, with substantial prior experience before this Court in this area of the law. Moreover, counsel's representation of Plaintiff before this Court was of the highest caliber and, as noted, resulted in the reversal of the Commissioner's decision and an order of remand. The favorable result that Plaintiff ultimately realized is a testament to her counsel's competence and efforts. Furthermore, years had elapsed between the time that Plaintiff filed her applications for benefits in 2017 and the awarding of benefits—delay that burdened her counsel as well as Plaintiff—and there is no indication that this delay was caused by Plaintiff's counsel. Of course, the Court is also aware of the substantial risk of non-compensation that attorneys assume when representing clients on a contingency fee basis in cases such as this. *See Tschudy*, 2020 WL 3316403, at *1.

The statute requires that the award under § 406(b) be reasonable and the Supreme Court in *Grisbecht* cautioned that a reduction may be warranted when "the benefits are large in comparison to the amount of time counsel spent on the case". *Id.* at 808. Counsel seeks a fee award of $ 28,450.25, which results in an imputed effective hourly rate of $ 897.48 per hour. That rate has been approved in this District. *See, e.g., Kathleen G. v. Comm'r of Soc. Sec.,* No. 17-5413 (RMB), 2025 WL 1456784, at *2 (D.N.J. May 21, 2025) (approving a fee with imputed rate of $ 1,043.02 per hour); *Wells v. Comm'r of Soc. Sec.*, No. 1:20-cv-10259-NLH, 2024 WL 447768, at *1-2 (D.N.J. Feb. 6, 2024) ($ 1,056.34 per hour). This Court concludes that the award sought in this case is reasonable within the meaning of 42 U.S.C. § 406(b)(1).

## IV.     CONCLUSION

Plaintiff's Motion for Attorney Fees, ECF No. 23, is **GRANTED**.

**IT IS ORDERED** that an attorney's fee in the amount of $ 28,450.25, which is not more than 25% of the past due benefits awarded to Plaintiff, be remitted **to Alan H. Polonsky, Esq.** Upon receipt of this fee, counsel for Plaintiff is **DIRECTED** to remit the previously awarded EAJA fee in the amount of $ 6,700.00 to Plaintiff.


September 8, 2025                                             *s/ Norah McCann King*
                                                              Norah McCann King
                                                              United States Magistrate Judge